IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORI R. SHARP and REX A. SHARP,

                Plaintiffs,

vs.                                                     Case No. 10-CV-2430-SAC

WELLMARK, INC. d/b/a/ WELLMARK
BLUE CROSS AND BLUE SHIELD
OF IOWA,

                Defendant.

MEMORANDUM AND ORDER

This removed case comes before the court on defendant's motion to dismiss the case, or in the alternative, to transfer it to the Southern District of Iowa (Dk. 12).[1] Plaintiffs oppose the motion. The relevant history and facts were set forth in this court's recent memorandum and order (Dk. 16) and will not be repeated herein.

Wellmark's motion to dismiss alleges that a forum selection clause requires litigation to be in Iowa, and that plaintiffs are collaterally estopped from contesting its applicability.[2] The Sharps contend that the clause is inapplicable because this case is not controlled by the original ERISA plan which contains the forum selection clause, but by the parties' Settlement Agreement which contains no forum selection clause. The Sharps concede that if the original ERISA plan controls in this case, then the forum

---

[1] Defendant's removal of the action from state court does not effect a waiver of any objection to the lack of proper venue based on a forum selection clause. *See Knight Oil Tools, Inc. v. Unit Petroleum Co.*, 2005 WL 2313715, 8 (D.N.M. 2005).

[2] The court presumes, without deciding, that collateral estoppel is inapplicable, and that the Sharps are not precluded from challenging the applicability of the forum selection clause.

selection clause requires transfer of the case. Dk. 17.

It is undisputed that the ERISA benefits certificate and its Coverage Manual contain a forum selection clause stating:

> ... any action brought because of a claim under this certificate will be litigated in the state or other federal courts located in the state of Iowa and no other.

Dk. 13, Exh. 6, p. 32; Exh. 7, p. 70-71. It is also undisputed that the parties' Settlement Agreement contains no forum selection clause.

The Sharps' current petition alleges breach of contract, unjust enrichment, and accounting but it does not allege that the Settlement Agreement was the contract allegedly breached, so the court cannot agree that even the plaintiffs' breach of contract claims are controlled by the Settlement Agreement. Nor is the case pleaded as one to enforce the Settlement Agreement. Rather, as the court previously found, the Sharps' claims are each based upon Wellmark's payment of ERISA benefits, are related to an ERISA plan, are within the scope of ERISA's civil enforcement provisions, and are thus completely preempted by ERISA. Because the underlying ERISA case is materially relevant to and intertwined with this case, the forum selection clause in the parties' ERISA benefits certificate potentially governs the present dispute, rendering it immaterial that no forum selection clause is included in the parties' Settlement Agreement.[3]

Forum selection clauses may govern claims other than those alleging a breach of the contract which contains the clause. "A range of transaction participants, parties, and

---

[3]Although the Sharps seek interest, they do not allege that the settlement agreement required the payment of interest, but instead rely on the underlying payment of ERISA benefits as the basis for their cause of action in this case.

2

nonparties, should benefit from and be subject to forum selection clauses." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202-03 (3d Cir.), *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983)). *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988) (applying a forum selection clause to nonsignatories where the claims were intertwined with the contract containing the clause). Where claims are intertwined with the underlying obligations in the contract which contains the forum selection clause, the clause may apply even to tort claims.

> "Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Terra Inter., Inc. V. Mississippi Chemical Corp.*, 119 F.3d 688, 693 (quoting) *Barrett v. Life Ins. Co. of the Southwest*, 623 F.Supp. 946, 948-49 (D.Utah 1985). Non-contract claims that involve the same operative facts as a parallel breach of contract claim fall within the scope of a forum selection clause. *ADT Security Services, Inc., v. Apex Alarm, LLC*, 430 F.Supp.2d 1199 (D.Colo. 2006). *See also Lambert v. Kysar*, 983 F.2d 1110 (1st Cir. 1993)(Contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties). "Pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." *Crescent International, Inc. v. Avatar Communities, Inc.*, 857 F .2d 943, 945 (3d Cir.1988).

*Xantrex Technology Inc. v. Advanced Energy Industries, Inc.*, 2008 WL 2185882, *7 (D.Colo. 2008); *cf. Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir.1993) ("Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action.") Here, the Sharps' non-contract claims involve the same operative facts does their parallel breach of contract claim.

The Court therefore examines the language of the forum selection clause. It states that "any action brought because of a claim under this certificate will be litigated

3

in the state or other federal courts located in the state of Iowa and no other." Dk. 13, Exh. 6, p. 32; Exh. 7, p. 70-71. The language is mandatory and exclusive in requiring litigation in the state of Iowa and nowhere else. The language is broad and is not limited to legal claims or to equitable claims or even to actions for claims under an ERISA plan. Instead, the language extends to "any action *brought because of* a claim under [the ERISA] certificate." (emphasis added.) The Sharps' present action for interest is brought because of their previous claim under their ERISA certificate, since without their previous ERISA claim and the resulting payment of ERISA benefits they would have no present claim for interest. Consistent with the court's earlier analysis of plaintiff's claim when determining the issue of preemption, the court finds that this case is "an action brought because of a claim under" the parties' ERISA certificate, within the meaning of that phrase in the forum selection clause.[4] Thus, the Court finds that the present action falls within the scope of the language in the forum selection clause.[5]

---

[4] The Court has examined the terms of the Settlement Agreement and finds no reason to alter its earlier orders or its current ruling. The Court finds it unnecessary to further explain this issue, and declines to do so, preserving the confidentiality of that agreement.

[5] The Tenth Circuit has held that "under federal law the courts should ordinarily honor an international commercial agreement's forum-selection provision *as construed under the law specified in the agreement's choice of law provision.*" *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 430 (10th Cir. 2006) (emphasis in original), but cautioned that the same result may not occur in the context of domestic disputes. *Id.*, p. 428. Assuming, arguendo, that the above holding applies to this case, the parties have not shown the court whether their underlying ERISA agreement contains any choice of law provision, or, if so, that such law would be materially different from federal common law. Because the court relies upon the plain meaning of the terms of the forum selection clause, it has no need to resort to other rules of contract construction so finds it unnecessary to decide the issue. *See Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*,106 F.3d 318, 320-21 (10th Cir. 1997).

4

Forum selection clauses are " 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances ." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir.1992) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972), *cert. denied*, 506 U.S. 1021 (1992). Here, no allegation is made of fraud, overreaching, unequal bargaining power, or that the Iowa forum would be seriously inconvenient. The Sharps have alleged, however, that Wellmark's filing of the anticipatory declaratory judgment suit currently pending in Iowa is a product of impermissible forum shopping. In light of the facts that the parties' exclusive choice of forum, as expressed in the forum selection clause, is Iowa, and that the selection of the Iowa forum has not been shown to change the law that would apply, and that the parties' underlying ERISA suit was previously transferred to Iowa without any objection by the Sharps, the court does not find Wellmark's filing of a declaratory judgment action in Iowa to be unreasonable so as to prevent transfer. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391, 397-98 (5th Cir. 2003) (Merely filing a declaratory judgment action in a court with jurisdiction to hear it, in anticipation of litigation in another forum, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping."); *Allendale Mut. Ins. Co. v. Excess Ins. Co. Ltd.*, 992 F.Supp. 278, 285 -286 (S.D.N.Y.1998) (When a plaintiff's choice of forum is an attempt to avoid the effect of an agreed-upon forum selection clause, plaintiff's choice of forum is not given considerable weight in deciding a motion to transfer venue.)

The court's finding that the forum selection clause is applicable does not compel

dismissal of the case, however. As 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This statute reflects an "express federal policy liberally allowing transfer of improper-venue cases." *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 467 (1975).

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008), citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (examining 1406(a) and 1631). In light of the valid forum selection clause, these factors are less significant. Here, no showing has been made regarding the merits of the Sharps' claim or whether it would be time-barred if refiled in Iowa. Given the complexity of the ERISA preemption analysis, the Court can easily find that it was not clear at the time of the initial filing of this case that the state court lacked jurisdiction. Because identical issues are currently pending before the Southern District of Iowa in the declaratory judgment action, transfer to that venue would expedite a decision on the merits, promote judicial economy, and minimize the potential for inconsistent results. Accordingly, the court finds it in the interest of justice to transfer this case under § 1406(a) to the Southern District of Iowa, where it could have been brought pursuant to the forum selection clause, rather than to dismiss it.

**Motion to transfer and consolidate**

Given its ruling above, the court finds it unnecessary to reach Wellmark's

alternative motion to transfer this case to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a),[6] and to consolidate[7] it with the pending declaratory judgment action there.

IT IS THEREFORE ORDERED that defendant's motion to dismiss is denied and that defendant's motion to transfer the case is granted. The Clerk is directed to transfer this case forthwith to the United States District Court for the Southern District of Iowa.

Dated this 26th day of October, 2010, at Topeka, Kansas.

s/ Sam A. Crow
U.S. District Senior Judge

---

[6] Wellmark requests transfer pursuant to § 1406(a), but quotes the language of § 1404(a). Dk. 13, p. 6. Its motion also cites §1404(a), Dk. 12, but Wellmark does not show the court the traditional § 1404(a) factors, instead relying exclusively on the first-to-file rule. Dk. 13. Thus, the court is not certain which statute Wellmark intends to invoke.

[7] This court is without power to consolidate cases in another jurisdiction, *see* Fed.R.Civ.P. 42(a), so denies that request.